[878 NE2d 589, 848 NYS2d 7]

Erno Nussenzweig, Appellant, v Philip-Lorca diCorcia et al., Respondents.

Argued October 10, 2007; decided November 15, 2007

## POINTS OF COUNSEL

*Jay Goldberg, P.C.*, New York City (*Jay Goldberg, Jared M. Lefkowitz* and *Elizabeth Hill* of counsel), for appellant. I. The Appellate Division rule that the statute of limitations runs from the time of first use is erroneous. (*Surace v Danna*, 248 NY 18; *Lahiri v Daily Mirror, Inc.*, 162 Misc 776; *Flores v Mosler Safe Co.*, 7 NY2d 276; *Sporn v MCA Records*, 58 NY2d 482; *Gregoire v Putnam's Sons*, 298 NY 119; *Roberson v Rochester Folding Box Co.*, 171 NY 538; *Rothstein v Tennessee Gas Pipeline Co.*, 204 AD2d 39, 87 NY2d 90; *Rinaldi v Viking Penguin*, 52 NY2d 422; *Simcuski v Saeli*, 44 NY2d 442; *Ross v Louise Wise Servs., Inc.*, 8 NY3d 478.) II. Summary judgment was improvidently granted. (*Mastrovincenzo v City of New York*, 435 F3d 78; *Titan Sports, Inc. v Comics World Corp.*, 870 F2d 85; *Davis v High Socy. Mag.*, 90 AD2d 374; *Quezada v Daily News*, 125 Misc 2d 302; *Stephano v News Group Publs.*, 64 NY2d 174; *Zacchini v Scripps-Howard Broadcasting Co.*, 433 US 562.) III. Appellant is entitled to the protection of sections 50 and 51 of the Civil Rights Law. (*Pittsburgh Press Co. v Pittsburgh Comm'n on Human Relations*, 413 US 376; *Irish Lesbian & Gay Org. v Giuliani*, 918 F Supp 732; *Schenck v United States*, 249 US 47; *Chaplinsky v New Hampshire*, 315 US 568; *Murphy v Ramsey*, 114 US 15; *Flores v Mosler Safe Co.*, 7 NY2d 276; *Sperry & Hutchinson Co. v Rhodes*, 220 US 502; *Time, Inc. v Hill*, 385 US 374; *Hobbs v County of Westchester*, 397 F3d 133; *Joseph Burstyn, Inc. v Wilson*, 343 US 495.)

*Munger, Tolles & Olson LLP* (*Lawrence C. Barth*, of the California bar, admitted pro hac vice, of counsel), *Bingham McCutchen LLP*, New York City (*Kenneth I. Schacter* of counsel), and *Georges G. Lederman* for respondents. I. The Appellate Division's conclusion that appellant's claims were time-barred was correct. (*McCoy v Feinman*, 99 NY2d 295; *State of New York v Seventh Regiment Fund*, 98 NY2d 249; *Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36; *Gregoire v Putnam's Sons*, 298 NY 119; *Rinaldi v Viking Penguin*, 52 NY2d 422; *Firth v State of New York*, 98 NY2d 365; *Keeton v Hustler Magazine, Inc.*, 465 US 770; *Castel v Sherlock Corp.*, 159 AD2d 233; *Costanza v Seinfeld*, 279 AD2d 255; *Wal-*

den v F.W. Woolworth Co., 138 AD2d 261.) II. However this Court decides the limitations issue, it should proceed to address Supreme Court's alternative ground for dismissal. (*People v Carvajal,* 6 NY3d 305; *Matter of Gold v Lomenzo,* 29 NY2d 468; *Matter of Concord Realty Co. v City of New York,* 30 NY2d 308; *Matter of Friends of Pine Bush v Planning Bd. of City of Albany,* 86 AD2d 246; *National Bank of N. Am. v International Bhd. of Elec. Workers Local No. 3, Pension & Vacation Funds,* 69 AD2d 679; *Brown v Board of Educ., Whitesboro Cent. School Dist.,* 88 AD2d 184; *East Meadow Community Concerts Assn. v Board of Educ. of Union Free School Dist No. 3,* 18 NY2d 129.) III. The uses of the photograph did not violate sections 50 and 51 of the Civil Rights Law. (*Roberson v Rochester Folding Box Co.,* 171 NY 538; *Time, Inc. v Hill,* 385 US 374; *Arrington v New York Times Co.,* 55 NY2d 433, 459 US 1146; *Cohen v Hallmark Cards,* 45 NY2d 493; *Howell v New York Post Co.,* 81 NY2d 115; *Namath v Sports Illustrated,* 80 Misc 2d 531; *Stephano v News Group Publs.,* 64 NY2d 174; *Pagan v New York Herald Tribune,* 32 AD2d 341, 26 NY2d 941; *Messenger v Gruner + Jahr Print. & Publ.,* 94 NY2d 436; *Spahn v Julian Messner, Inc.,* 18 NY2d 324, 387 US 239.) IV. Dismissal of this action would have been required on constitutional grounds, even if sections 50 and 51 of the Civil Rights Law did not provide an exception for artistic expression. (*Simeonov v Tiegs,* 159 Misc 2d 54; *Time, Inc. v Hill,* 385 US 374; *Hoepker v Kruger,* 200 F Supp 2d 340; *Central Hudson Gas & Elec. Corp. v Public Serv. Comm'n of N. Y.,* 447 US 557; *Nordyke v Santa Clara County,* 110 F3d 707; *Board of Trustees of State Univ. of N. Y. v Fox,* 492 US 469; *Bery v City of New York,* 97 F3d 689, 520 US 1251; *Riley v National Federation of Blind of N. C., Inc.,* 487 US 781; *Joseph Burstyn, Inc. v Wilson,* 343 US 495; *Texas v Johnson,* 491 US 397.) V. The viability of Erno Nussenzweig's claims was appropriate for summary adjudication. (*Lewis v Safety Disposal Sys. of Pa., Inc.,* 12 AD3d 324; *Alvarez v Prospect Hosp.,* 68 NY2d 320; *Daliendo v Johnson,* 147 AD2d 312; *Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966; *Zuckerman v City of New York,* 49 NY2d 557; *Gala Trading v Adrienne, Inc.,* 174 AD2d 478; *Time, Inc. v Hill,* 385 US 374; *Stephano v News Group Publs.,* 64 NY2d 174; *Altbach v Kulon,* 302 AD2d 655; *Simeonov v Tiegs,* 159 Misc 2d 54.)

*Proskauer Rose LLP,* New York City (*Charles S. Sims* and *Matthew J. Morris* of counsel), for the New York Times Company and others, amici curiae. I. "Advertising purposes" and "purposes of trade" exclude First Amendment expression. (*Rob-*

erson v Rochester Folding Box Co., 171 NY 538; *Messenger v Gruner + Jahr Print. & Publ.*, 94 NY2d 436; *Finger v Omni Publs. Intl.*, 77 NY2d 138; *Howell v New York Post Co.*, 81 NY2d 115; *Stephano v News Group Publs.*, 64 NY2d 174; *Arrington v New York Times Co.*, 55 NY2d 433; *Bytner v Capital Newspapers, Div. of Hearst Corp.*, 67 NY2d 914; *Freihofer v Hearst Corp.*, 65 NY2d 135; *Murray v New York Mag. Co.*, 27 NY2d 406; *Pagan v New York Herald Tribune*, 32 AD2d 341, 26 NY2d 941.) II. Plaintiff's constitutional arguments are without merit, and if the statutes were applicable here they would violate the First Amendment. (*Bartnicki v Vopper*, 532 US 514; *Florida Star v B. J. F.*, 491 US 524; *Smith v Daily Mail Publishing Co.*, 443 US 97; *Mastrovincenzo v City of New York*, 435 F3d 78; *Hobbs v County of Westchester*, 397 F3d 133; *Arrington v New York Times Co.*, 55 NY2d 433.)

## OPINION OF THE COURT

Pigott, J.

Between 1999 and 2001, defendant Philip-Lorca diCorcia, an artist and photographer, took candid photographs of individuals walking through Times Square. None of those photographed were aware that diCorcia had taken their picture.

In the fall of 2001, diCorcia exhibited certain of the photographs at an art gallery owned by defendant Pace/MacGill, Inc. In conjunction with that event, Pace/MacGill published and sold a catalogue containing images on display at the exhibition. Moreover, 10 limited edition prints of each photograph were created for sale to the public.

One of the images was that of plaintiff Erno Nussenzweig. However, it was not until nearly four years later, in March of 2005, that plaintiff first learned that his photograph had been taken, used as part of the exhibition and sold to the public. Shortly thereafter, plaintiff commenced this action asserting that defendants had violated his statutory right of privacy as set forth in Civil Rights Law §§ 50 and 51.

Defendants moved for summary judgment dismissing the complaint on the ground that any claim of a Civil Rights Law §§ 50-51 violation had to have been commenced within one year of the initial display of the photograph, not one year from plaintiff's discovery of the display as he argued. Supreme Court granted defendants' motions for summary judgment and the Appellate Division affirmed, but granted plaintiff leave to appeal to this Court to answer the certified question "Was the or-

der of Supreme Court, as affirmed by this Court, properly made?"

Pursuant to CPLR 215 (3), "an action to recover damages for . . . libel, slander . . . or a violation of the right of privacy under section fifty-one of the civil rights law" must be brought within one year. In *Gregoire v Putnam's Sons*, this Court formulated the single publication rule, which states that a cause of action for defamation accrues on the date the offending material is first published (298 NY 119, 125-126 [1948]). Our holding in *Gregoire* was premised on the underlying policy that statutes of limitations are "designed 'to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost' " (*id.* at 125, quoting *Chase Securities Corp. v Donaldson*, 325 US 304, 314 [1945]).

Since our decision in *Gregoire*, New York appellate courts addressing the timeliness of statutory right of privacy claims have generally applied the single publication rule (*see E.B. v Liberation Publs.*, 7 AD3d 566, 567 [2d Dept 2004], citing *Castel v Sherlock Corp.*, 159 AD2d 233 [1st Dept 1990]; *see also Costanza v Seinfeld*, 279 AD2d 255, 255-256 [1st Dept 2001]; *but see Russo v Huntington Town House*, 184 AD2d 627, 628 [2d Dept 1992] [holding that the statute of limitations on Civil Rights Law §§ 50 and 51 claims runs from the date of the most recent violations of the statute]). The policy underlying the adoption of that rule is likewise implicated here and we therefore hold that the single publication rule applies to claims brought pursuant to Civil Rights Law §§ 50 and 51. Because the publishing event giving rise to plaintiff's right of privacy claims first occurred no later than the fall of 2001, more than one year before he commenced suit, plaintiff's claims are time-barred.

Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur; Chief Judge KAYE taking no part.

Order affirmed, etc.