15-3252-cv
*Allen v. Antal, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand sixteen.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> NICHOLAS G. GARAUFIS,[*]
> > *District Judge*.

_____

KEAGAN ALLEN,

> > *Plaintiff-Appellant*,

> v.                                              15-3252-cv

TROY ANTAL, HOWARD DORNER, THOMAS ANGELL,
ESQ., DAVID GOODMAN, ESQ., DEL ATWELL,
DUTCHESS COUNTY PUBLIC DEFENDER'S OFFICE,
DUTCHESS COUNTY, STEVEN LEVINE, ESQ.,
BRADFORD KENDALL,

> > *Defendants-Appellees*,

_____

[*] Judge Nicholas G. Garaufis, of the United States District Court for the Eastern District of New York, sitting by designation.

STEVEN ROSENBLUM, MARIO DAVILA, TERESA BURGESS, LISA SMITHWICK, DEIDRE BROWN,

*Defendants*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | MEIR KATZ (Robert J. Tolchin, *on the brief*), The Berkman Law Office, LLC, Brooklyn, N.Y. |
| For Defendants-Appellees: | MATTHEW W. GRIECO, Assistant Solicitor General (Steven C. Wu, Barbara D. Underwood, *on the brief*), for Eric T. Schneiderman, Attorney General of the State of New York, New York, N.Y., (for Troy Antal and Howard Dorner), DANIEL C. STAFFORD, McCabe & Mack LLP, Poughkeepsie, N.Y. (for Thomas Angell, Esq., David Goodman, Esq., Dutchess County Public Defender's Office, Dutchess County, Steven Levine, Esq., and Bradford Kendall), and DEL ATWELL, *pro se*, East Hampton, N.Y. |

Appeal from two judgments of the United States District Court for the Southern District of New York (Román, *J.*), entered September 18, 2015 and February 2, 2016.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Keagan Allen appeals from two judgments of the United States District Court for the Southern District of New York (Román, *J.*), one granting, with the exception of Defendant-Appellee Atwell, Defendants-Appellees' motions to dismiss, and the other granting Defendant-Appellee Atwell's motion for summary judgment. Allen argues, among other things, that the district court erred in dismissing his third amended complaint [hereinafter "Complaint"] because his various federal and state claims did not accrue until his state criminal conviction had been vacated, which he contends occurred in August 2012. He

2

further contends that the district court improperly dismissed certain claims for failure to state a claim and that his state constitutional claims should not have been dismissed because no alternative remedy exists. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. For substantially the same reasons as articulated by the district court, we **AFFIRM** both the dismissal and summary judgment decisions.

This Court reviews *de novo* orders granting motions to dismiss. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). To survive a Rule 12(b)(6) motion, a plaintiff need plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

Likewise, we review grants of summary judgment *de novo*. *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009). This Court will affirm a grant of summary judgment "only where, construing all the evidence in the light most favorable to the non-movant and drawing all reasonable inferences in that party's favor, 'there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law.'" *Id*. at 96 (omission in original) (quoting Fed. R. Civ. P. 56(c)).

**A. Claims Against State Defendants**

    **i. Federal claims**

        **a. Statute of limitations**

With the exception of Allen's malicious prosecution and abuse of process claims, *see infra*, his federal claims for false imprisonment, false arrest, illegal search and seizure, assault

3

and battery, and conspiracy were properly dismissed as time-barred. Claims brought pursuant to 42 U.S.C. § 1983 and § 1985 must be filed within three years of the date on which such claims accrue. *Milan v. Wetheimer*, 808 F.3d 961, 963 (2d Cir. 2015); *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994). The standard rule is that accrual occurs when the plaintiff has "a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citations omitted) (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc*., 522 U.S. 192, 201 (1997)); *see also Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980) (federal claims accrue at "a point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action"). Because the alleged illegal search and seizure, arrest, and arraignment all occurred on June 22, 2007, Allen's November 2012 Complaint falls well outside the three-year time limit. His federal claims for false imprisonment, false arrest, illegal search and seizure, assault and battery, and conspiracy were therefore properly dismissed.

### b. Failure to state a claim

Allen's malicious prosecution claim was properly dismissed because probable cause existed for his arrest. "'The existence of probable cause is a complete defense to a claim of malicious prosecution in New York,' and 'indictment by a grand jury creates a presumption of probable cause.'" *Manganiello v. City of New York*, 612 F.3d 149, 161–62 (2d Cir. 2010) (citation omitted) (quoting *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003)). "That presumption may be rebutted only 'by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" *Id.* (quoting *Savino*, 331 F.3d at 72).

Here, the district court was correct to dismiss Allen's malicious prosecution claim. Despite it later being determined by the Appellate Division that the initial stop and search of Allen's vehicle was unlawful, at the time prosecution was initiated there was undoubtedly probable cause to believe Allen was in criminal possession of a weapon. *See* N.Y. Penal Law § 265.03. Indeed, an unlicensed weapon with loose ammunition was found in Allen's car. Moreover, because Allen was indicted by a grand jury, probable cause to prosecute is presumed. *See Manganiello*, 612 F.3d at 162. Nothing in Allen's Complaint even attempts to rebut this presumption, and Allen advances no argument to that effect on appeal.

Allen's abuse of process claim was also properly dismissed because he failed to plausibly allege that his prosecution was initiated based on an improper purpose. In New York, "[a] malicious motive alone . . . does not give rise to a cause of action for abuse of process." *Savino*, 331 F.3d at 77 (alteration in original) (quoting *Curiano v. Suozzi*, 63 N.Y.2d 113, 117 (1984)). "In order to state a claim for abuse of process, a plaintiff must establish that the defendants had an improper *purpose* in instigating the action." *Id*. A plaintiff alleging abuse of process must claim that the defendants "aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution." *Id.* Allen's Complaint fails sufficiently to assert any such purpose and thus fails to plead plausibly a claim for abuse of process.

### ii.    State constitutional claims

Allen's claims brought under the New York State Constitution were properly dismissed. The New York State Constitution provides a private right of action where remedies are otherwise unavailable at common law or under § 1983. *See Brown v. State of New York*, 89 N.Y.2d 172, 192 (1996) (recognizing "narrow remedy" for a constitutional tort claim brought under the State Constitution where a plaintiff otherwise has no available remedy). Because alternative remedies

5

were available under § 1983 and common law here, however, the district court properly dismissed Allen's state constitutional claims.

### iii. State-law claims

Allen's state-law claims for false arrest, false imprisonment, and assault and battery were likewise properly dismissed as barred by the applicable statute of limitations. Allen's assault and battery claims accrued on June 22, 2007, and his false arrest and false imprisonment claims accrued when he was released from prison in September 2010. *See Bellissimo v. Mitchell*, 122 A.D.3d 560, 560 (2d Dep't 2014); *Bennett v. City of New York*, 204 A.D.2d 587, 587 (2d Dep't 1994). All are barred by the applicable one-year statute of limitations. N.Y. C.P.L.R. § 215(3). Allen also fails to state a claim for malicious prosecution and abuse of process under New York law for the same reasons these claims failed when asserted under § 1983. *See supra*.

Further, though not specifically addressed by the district court, Allen's defamation claim is also barred by the statute of limitations. An action for libel or slander under New York law must be brought within one year from the date the offending material is first published. N.Y. C.P.L.R. § 215(3); *Nussenzweig v. diCorcia*, 9 N.Y.3d 184, 188 (2007). New York courts generally apply the "single publication rule." *Nussenzweig*, 9 N.Y.3d at 188. Here, because the publishing event giving rise to Allen's defamation claim occurred no later than February 2008, more than a year before Allen commenced this action, his claims are time-barred.

### B. Claims Against County Defendants

#### i. Individual county defendants

Allen's federal claims against the individual county defendants were properly dismissed because Allen failed to allege their "personal involvement" in his false arrest, false imprisonment, illegal search and seizure, malicious prosecution, abuse of process, unjust

conviction, and assault and battery claims. "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffit v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). Moreover, "when monetary damages are sought under § 1983, the general doctrine of *respondeat superior* does not suffice and a showing of some personal responsibility of the defendant is required." *Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir. 1973). Allen's complaint is devoid of any facts suggesting the personal involvement of any county defendants in the acts that form the basis of his federal claims. The district court properly dismissed those claims against the individual county defendants.

Additionally, the district court correctly dismissed Allen's negligence claim against County Clerk Kendall on the ground that Allen failed to comply with New York's notice of claim requirements. *See* N.Y. Gen. Mun. Law § 50-e ("In any case founded upon tort" against a public corporation a notice of claim shall be served "within [90] days after the claim arises"). A negligence claim accrues when an injury is sustained. *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94 (1993). Allen's negligence claim therefore accrued at the latest when he failed his drug test and was re-incarcerated on February 29, 2012. Because Allen did not file a notice of claim until September 24, 2012, his claim was barred.[1]

Allen's New York State constitutional claims against the County Defendants are also dismissed for the same reason as those claims against the State Defendants: there were alternative remedies available.

---

[1] We conclude that Allen was required to file a notice of claim for his claims against the individual county defendants under N.Y. Gen. Mun. Law § 50-e(1).

### ii. Dutchess County

The district court also dismissed Allen's claims against Dutchess County for failure to state a *Monell* claim for municipal liability. To state such a claim a plaintiff must first demonstrate "the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer." *Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985). And, "[s]econd, the plaintiff must establish a causal connection—an 'affirmative link'—between the policy and the deprivation of his constitutional rights." *Id.* (quoting *Okla. City v. Tuttle*, 471 U.S. 808, 823 (1985)).

Allen has failed to plead plausibly the existence of an official municipal policy or custom that resulted in the deprivation of his constitutional rights. In a conclusory manner, Allen alleges that the county defendants—his attorneys—abandoned him and failed to act, which resulted in his unjust confinement. A bare allegation of this sort cannot suffice to demonstrate a sanctioned policy or custom of a government entity caused Allen's alleged injuries.

### iii. Conspiracy claim

The district court properly dismissed Allen's conspiracy claim under 42 U.S.C. § 1985 against the county defendants. "In order to maintain an action under Section 1985, a plaintiff 'must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end.'" *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (quoting *Romer v. Morgenthau*, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000)). "A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993) (quoting *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) (per

8

curiam)).  Because Allen's assertions that the county defendants conspired to abandon him and keep him in confinement are vague at best, his Complaint fails to state a claim cognizable under § 1985.

### iv. Legal malpractice claim

Finally, Allen contends the district court improperly dismissed as untimely his legal malpractice claim against the Dutchess County Public Defender's Office, Angell, Goodman, and Levine.  Under New York law, a claim for legal malpractice in the context of criminal proceedings accrues when the indictment is dismissed.  *Britt v. Legal Aid Soc'y*, 95 N.Y.2d 443, 445 (N.Y. 2000).  Because the indictment was dismissed by the New York Appellate Division on November 1, 2011, *see People v. Allen*, 89 A.D.3d 742, 743–44 (2d Dep't 2011), his notice of claim on September 24, 2012 was untimely.  *See* N.Y. Gen. Mun. Law § 50-e.

### C. Claims Against Del Atwell

Last, we are not persuaded that the district court erred in granting summary judgment in favor of attorney Atwell.  To make out a claim for legal malpractice, Allen must demonstrate "that [Atwell] was negligent, that the negligence was a proximate cause of the injury and that [Allen] suffered actual and ascertainable damages."  *Rubens v. Mason*, 387 F.3d 183, 189 (2d Cir. 2004).  "In order to establish the elements of proximate cause and actual damages in a malpractice case, the plaintiff must show that but for the attorney's negligence, what would have been a favorable outcome was an unfavorable outcome."  *Zarin v. Reid & Priest*, 184 A.D.2d 385, 386 (1st Dep't 1992).  Summary judgment is appropriate where the record "demonstrates that an intervening cause was responsible for the injury."  *Brooks v. Lewin*, 21 A.D.3d 731, 734 (1st Dep't 2005); *see also Kush by Marszalek v. City of Buffalo*, 59 N.Y.2d 26, 32–33 (1983) ("An intervening act will be deemed a superseding cause and will serve to relieve defendant of

9

liability when the act is of such an extraordinary nature or so attenuates defendant's negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant."). Here, we agree with the district court that the record unquestionably demonstrates that the failure of the County Clerk, Kendall, to notify the New York Department of Corrections and Community Services that Allen's conviction had been vacated constitutes an intervening cause of Allen's extended prison stay, absolving Atwell of any liability.

We have considered Allen's remaining contentions on appeal and have determined they are without merit. For the reasons stated above, the district court's judgments are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk