24-506-cv
*McCullough v. Graves, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand twenty-four.

PRESENT:    JOHN M. WALKER, JR.,
            DENNIS JACOBS,
            SARAH A. L. MERRIAM,
                *Circuit Judges*.

_____

JOHN H. McCULLOUGH JR.,

    *Plaintiff-Appellant*,

       v.                                                        No. 24-506-cv

OFFICER BRIAN GRAVES, Oswego City
Police Officer; OFFICER MICHAELA FROST,
Oswego City Police Officer; OFFICER
PRITCHARD, Oswego City Police Officer,

    *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:          JOHN H. MCCULLOUGH, JR., proceeding *pro se*,
                                  Oswego, NY.

FOR DEFENDANTS-APPELLEES:    Jonathan M. Bernstein, Goldberg Segalla LLP, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 9, 2024, judgment is **AFFIRMED**.

Plaintiff-appellant John H. McCullough, Jr., proceeding *pro se*, appeals the dismissal of his 42 U.S.C. §1983 claims for (1) false arrest, (2) malicious prosecution, (3) fabrication of evidence, and (4) conspiracy, all of which were asserted against Officers Graves, Frost, and Pritchard of the Oswego Police Department.[1] McCullough's allegations focus on a traffic stop and arrest that occurred on September 3 or 4, 2020, and events related to the investigation and prosecution of charges arising out of that stop. *See* Supp. App'x at 3-12 (original complaint); Supp. App'x at 178-81 (amended complaint).

The district court dismissed McCullough's original complaint for failure to state a claim and, in granting leave to amend on all but the Section 1983 conspiracy claim, warned McCullough that any amended complaint would "replace the previous existing complaint" and would need to be a "single document that does not rely upon any other materials that have previously been filed with the Court." *McCullough v. Graves*, No. 5:23CV01028(DNH), 2023 WL 8435032, at *8 (N.D.N.Y. Dec. 5, 2023). McCullough did

---

[1] McCullough also asserted a state tort claim for intentional infliction of emotional distress but on appeal he does not contest the dismissal of that claim.

file an amended complaint, but it contained *less* information than the original, and it included none of the documents that had been attached to the original. Observing that McCullough had failed to heed its instructions, the district court again dismissed his claims for substantially the same reasons as before, this time with prejudice. *See McCullough v. Graves*, No. 5:23CV01028(DNH), 2024 WL 532570, at \*2-5 (N.D.N.Y. Feb. 9, 2024). McCullough timely appealed. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

## I.      Standard of Review

We review *de novo* an order dismissing a complaint under Rule 12(b)(6). *See Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts that, "taken as true and with all reasonable inferences drawn in the plaintiff's favor, state a plausible claim to relief." *Id.* McCullough has been *pro se* throughout this litigation and, as such, "his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Id.* "Even in a *pro se* case, however, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citations and quotation marks omitted).

## II.     Discussion

As the district court observed, McCullough's amended complaint contains

3

significantly less information than the original pleading, to which were attached several documents associated with his state criminal case. As a general rule, an amended complaint supersedes the original, rendering it a nullity with "no legal effect." *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000). McCullough was specifically warned that his amended complaint would completely replace his original complaint; we may therefore limit our review to the amended complaint. But even considering the allegations of the original complaint in conjunction with the allegations of the amended complaint, he has failed to state a cognizable claim.

## A. Section 1983 Conspiracy

"In order to survive a motion to dismiss on his §1983 conspiracy claim, [Appellant] must allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). "It is well settled that claims of conspiracy containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (citations and quotation marks omitted).

McCullough's complaints appear to allege at least three conspiracies against him: (1) between the officers and a civilian; (2) among the officers themselves; and (3) between the officers and his former lawyer. However, even considering all of the information in both complaints, McCullough has not made non-conclusory allegations sufficient to

4

support a plausible claim that any of these parties acted in concert or had an agreement to violate his constitutional rights. As such, McCullough's conspiracy claims were properly dismissed.

### B. False Arrest

To state "a claim for false arrest under 42 U.S.C. §1983," a complaint must allege "that the defendant intentionally confined [the plaintiff] without his consent and without justification. Because probable cause to arrest constitutes justification, there can be no claim for false arrest where the arresting officer had probable cause to arrest the plaintiff." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (citations and quotation marks omitted).

The attachments to McCullough's original complaint amply support a finding that the officers had probable cause to arrest him for possession of marijuana. Under New York law, the marijuana offense may not have been sufficient to justify taking McCullough into custody. *See* Supp. App'x at 32 (state court decision finding that under New York law, McCullough's "traffic stop and marijuana possession warranted only issuance of an appearance ticket"). But the Fourth Amendment analysis is not governed by the procedural requirements of state law, and a state's "policy against arresting for certain crimes" does not alter the Fourth Amendment probable cause standard. *Virginia v. Moore*, 553 U.S. 164, 173 (2008). An officer does not violate "the Fourth Amendment by making an arrest based on probable cause but prohibited by state law." *Id.* at 166; *see also United States v. Bernacet*, 724 F.3d 269, 277 (2d Cir. 2013) ("[T]he Fourth Amendment does not incorporate state *procedural* criminal law."). Accordingly, we affirm the dismissal of the

5

false arrest claim.

### C. Fabrication of Evidence

To state a claim under Section 1983 for a violation of due process rights by fabrication of evidence, a complaint must plausibly allege "that an investigative officer fabricated information likely to influence a jury and forwarded that information to the prosecution, causing the plaintiff to suffer a deprivation of liberty." *Ashley v. City of New York*, 992 F.3d 128, 138 (2d Cir. 2021). Even considering the original and amended complaints together, McCullough makes only conclusory allegations regarding the fabrication or falsification of evidence against him. Indeed, it is not clear from his pleadings what evidence McCullough claims was fabricated. In his brief on appeal, McCullough appears to focus on the fact that although he was stopped very late on September 3, 2020 – around midnight – some of the relevant reports are dated September 4, 2020. *See, e.g.,* Appellant's Br. at 14 ("Plaintiffs 1983 complaint stated all Defense documents dates were altered from 9-3-2020 to 9-4-2020 to hide original arrest reports." [sic]); *Id.* at 17 ("Plaintiff clearly stated all arrest reports, grandjury statements, defense paperwork against plaintiff were altered from 9-3-2020 to 9-4-2020 to hide original arrest reports." [sic]). Even reading McCullough's pleadings and briefs generously, we find that the district court properly dismissed this claim.

### D. Malicious Prosecution

To state a 42 U.S.C. §1983 claim for malicious prosecution, a plaintiff must plead both a violation of his rights under the Fourth Amendment and the elements of a malicious prosecution claim under state law. Under New York law, a malicious-prosecution claim requires a plaintiff to show (1) the

6

initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the defendant's actions.

*Dettelis v. Sharbaugh*, 919 F.3d 161, 163-64 (2d Cir. 2019) (citations and quotation marks omitted). A malicious prosecution claim brought under §1983 also requires "a sufficient post-arraignment liberty restraint." *Kee v. City of New York*, 12 F.4th 150, 162 (2d Cir. 2021) (citation and quotation marks omitted). It is undisputed that McCullough was indicted by a New York grand jury on the charges underlying this claim. "[U]nder New York law, indictment by a grand jury creates a presumption of probable cause that may *only* be rebutted by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (citations and quotation marks omitted). "[I]t is the plaintiff who bears the burden of proof in rebutting the presumption of probable cause that arises from the indictment," and that burden cannot be met by "mere conjecture and surmise that his indictment was procured as a result of conduct undertaken by the defendants in bad faith." *Id.* at 73 (citations and quotation marks omitted). The conclusory allegations of McCullough's complaints do not plausibly suggest that the indictment against him was procured through police misconduct or bad faith.[2]

---

[2] The state court's later suppression of the cocaine found on McCullough does not alter our conclusion. *See, e.g.*, *Allen v. Antal*, 665 F. App'x 9, 12 (2d Cir. 2016) (summary order) ("Despite it later being determined by the Appellate Division that the initial stop and search of Allen's vehicle was unlawful, at the time prosecution was initiated there was undoubtedly probable cause to believe Allen was in criminal possession of a weapon."); *Cornell v. Kapral*, 483 F. App'x 590, 592 (2d Cir. 2012) (summary order) ("And the fact that the indictment was subsequently dismissed on

*    *    *

We have considered McCullough's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

procedural grounds does not vitiate the presumption of probable cause that arises from the issuance of the indictment.").