24-1755-cv
*Etere v. Nassau County, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand twenty-five.

PRESENT:     DENNY CHIN,
             SARAH A. L. MERRIAM,
             MARIA ARAÚJO KAHN,
                  *Circuit Judges*.

_____

EMMANUEL ETERE,

    *Plaintiff-Appellant*,

      v.                                                    24-1755-cv

NASSAU COUNTY; NASSAU COUNTY POLICE DEPARTMENT; NASSAU COUNTY TAXI AND LIMOUSINE COMMISSION; OFFICER RYAN FAIS; OFFICER JOSEPH SODANO,

    *Defendants-Appellees*,

GREGORY MAY; PATRICK RYDER,

*Defendants.*

_____

FOR PLAINTIFF-APPELLANT:    Emmanuel Etere, *pro se*, Bay Shore, NY.

FOR DEFENDANTS-APPELLEES:    Robert F. Van Der Waag, Ralph J. Reissman, Deputy County Attorneys, *for* Hon. Thomas A. Adams, Nassau County Attorney, Mineola, NY.

Appeal from a June 6, 2024, judgment of the United States District Court for the Eastern District of New York (Shields, *U.S.M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**, in part, and **VACATED** and **REMANDED**, in part.

Plaintiff-appellant Emmanuel Etere, a law school graduate proceeding *pro se*, appeals from the District Court's oral ruling granting summary judgment to defendants-appellees Nassau County, Officer Ryan Fais, and Officer Joseph Sodano (collectively, "defendants") on his Fourth Amendment and state-law claims arising from two separate traffic stops occurring in 2016 and 2017.  Etere, a part-time Uber driver, brought this action pursuant to 42 U.S.C. §1983 alleging that defendants violated his Fourth Amendment rights when they (1) unreasonably seized him in connection with both traffic stops, and (2) unreasonably searched his cell phone without a warrant on both occasions. Etere also brought claims under Article I, Section 12 of the New York State Constitution arising from the cell-phone searches, and under New York common law for malicious

prosecution and tortious interference with contract.[1]  The District Court granted

defendants' motion for summary judgment in its entirety.  Etere appealed.

We assume the parties' familiarity with the underlying facts, procedural history,

and issues on appeal, to which we refer only as necessary to explain our decision.

**<u>BACKGROUND</u>**[2]

"We review de novo a district court's decision to grant summary judgment,

construing the evidence in the light most favorable to the party against whom summary

judgment was granted and drawing all reasonable inferences in that party's favor.

Summary judgment is required if there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law."  *Unkechaug Indian Nation v.

Seggos*, 126 F.4th 822, 828 (2d Cir. 2025) (citation omitted).  We construe "the

---

[1] In the amended complaint, Etere also named as defendants the Nassau County Police Department ("NCPD"), the Nassau County Taxi and Limousine Commission ("NCTLC"), NCPD Commissioner Patrick Ryder, and NCTLC Commissioner Gregory May.  *See Etere v. Nassau Cnty., et al.*, No. 1:17CV03113(AYS) (E.D.N.Y. Nov. 9, 2020), Doc. #49.  The District Court granted defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to all claims against those defendants.  *See Etere v. Nassau Cnty., et al.*, No. 1:17CV03113(AYS), 2021 WL 5590876, at *5 (E.D.N.Y. Nov. 29, 2021).  Etere's Notice of Appeal was limited to the summary judgment ruling, and he does not challenge the District Court's Rule 12(c) ruling in his brief.  Accordingly, any challenge to the dismissal of these parties is deemed abandoned.  *See State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 172 (2d Cir. 2004).  Moreover, to the extent Etere sought injunctive relief in his Amended Complaint, and to the extent he seeks relief against Nassau County under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), he has failed to address those issues on appeal; they are likewise deemed abandoned.  *See State St. Bank & Tr. Co.*, 374 F.3d at 172.

[2] The facts are drawn from defendants' Local Rule 56.1 Statement to the extent they are not disputed and from the exhibits submitted with the parties' cross-motions for summary judgment.  They are construed in the light most favorable to Etere.

3

submissions of a *pro se* litigant . . . liberally . . . to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (citation modified).

Etere's claims arise from two traffic stops in Nassau County: one in 2016 and one in 2017. In July 2016, while driving for Uber, Etere picked up a passenger in Queens County. Shortly after the trip began, he was pulled over in Nassau County by Fais, a Nassau County Police Officer, who told Etere that he was being issued a ticket for driving with a partially covered license plate that concealed the New York City Traffic and Limousine Commission ("NYCTLC") insignia. Etere disagreed that his license plate cover obstructed the NYCTLC insignia. Fais issued Etere a ticket for driving with a covered license plate.

After ticketing Etere, Fais asked for Etere's cell phone so that Fais could check the ride history in Etere's Uber app to determine whether he had been operating in Nassau County. Etere testified that he told Fais, "I cannot give you my phone to search it. You need a warrant to search my phone." *Etere v. Nassau Cnty., et al.*, No. 1:17CV03113(AYS) (E.D.N.Y. Dec. 21, 2023), Doc. #95 at 38:19-21.[3] According to Etere, Fais responded: "Look, if you are going to play tough with me, . . . I am going to arrest you for obstruction of governmental administration." *Id.* at 38:22-39:2. Etere testified that he gave Fais his phone to avoid arrest. Using Etere's phone, Fais ended the then-active Uber trip, "went into the trip history log and pulled out the log on the phone

---

[3] Citations to the District Court docket are indicated by "Doc." numbers. Citations to the Second Circuit Docket are indicated by "ACMS" numbers.

and checked [Etere's] trips." *Id.* at 40:2-6. Because there was no record of Etere operating in Nassau County, Fais returned the phone, and Etere drove away.

The second traffic stop occurred in February 2017. Etere dropped off an Uber passenger in Nassau County and parked in the lot of a shopping mall, where Nassau County Taxi and Limousine Commission ("NCTLC") Officer Sodano approached Etere, asked for his license and registration, and asked him whether he "had a license plate to pick up passengers in Nassau County." Doc. #95 at 49:9-18. Etere replied that he did not. Sodano then asked Etere to hand over his cell phone to "verify" that Etere was not conducting for-hire rides in Nassau County without an NCTLC license. *Id.* at 50:2-13. Etere refused and told Sodano that he "need[ed] a warrant." *Id.* at 50:16-17. Etere testified that Sodano told him that if he refused, Sodano would "call for back up and [Etere's] car would be impounded, . . . and that [Sodano] would issue [him] multiple tickets." *Id.* at 51:17-25. Etere ultimately entered his password in the Uber app and gave Sodano his phone; Sodano reviewed Etere's trip history, which revealed one trip from Suffolk County to Nassau County and one trip within Nassau County. Sodano issued Etere two tickets for operating a for-hire vehicle in Nassau County without a valid NCTLC license. *See* Nassau Cnty. Ordinance No. 155-2014 §2(a).

## DISCUSSION

### I. Fourth Amendment Claims Based on Traffic Stops

"The Fourth Amendment prohibits 'unreasonable searches and seizures.'" *Gilles v. Repicky*, 511 F.3d 239, 244 (2d Cir. 2007) (quoting U.S. Const. amend. IV). "The temporary detention of a person when the police have stopped her vehicle, regardless of

5

its brevity or limited intrusiveness, constitutes a seizure for Fourth Amendment purposes, and thus must not be unreasonable." *Id.* at 244-45 (citation omitted). For a traffic stop to be reasonable, "an officer making a traffic stop [must] have probable cause or reasonable suspicion that the person stopped has committed a traffic violation or is otherwise engaged in or about to be engaged in criminal activity." *United States v. Gomez*, 877 F.3d 76, 86 (2d Cir. 2017) (citation modified).

### A.    The 2016 Stop

On appeal, Etere contends that there are genuine disputes of material fact as to whether Fais had reasonable suspicion to conduct the initial traffic stop of his vehicle in 2016. We agree.

"[A] traffic stop based on a reasonable suspicion of a traffic violation comports with the Fourth Amendment." *United States v. Stewart*, 551 F.3d 187, 191 (2d Cir. 2009). Accordingly, we have affirmed a district court's determination that "the initial basis for the stop of [an] SUV was valid because the officers reasonably believed that the SUV lacked license plates, which would have been a violation of" state law. *United States v. Jenkins*, 452 F.3d 207, 212 (2d Cir. 2006) (citation omitted). "The constitutional validity of a stop is not undermined simply because the officers who made the stop were mistaken about relevant facts." *Id.*

The record gives rise to a genuine dispute as to whether Fais had reasonable suspicion to believe that Etere was violating New York law by having the Traffic and Limousine Commission ("T&LC") insignia on his license plate covered. On the one

6

hand, Etere testified in his deposition that during the traffic stop Fais told him that he had pulled Etere over "for a covered license plate." Doc. #95 at 36:24-25. And the record includes the "supporting deposition" of Fais filed in traffic court, in which Fais stated that he "observe[d Etere] operating a motor vehicle on a public roadway" with a covered license plate in violation of New York Vehicle & Traffic Law §4021. Doc. #92-2 at 6. On the other hand, Etere also testified in his deposition that his license plate cover did not conceal the T&LC insignia, and he submitted several photographs, including a red-light camera photo, showing that his license plate cover did not obstruct the insignia. Indeed, at oral argument on the summary judgment motions, defense counsel acknowledged that "we have a he-said-she-said situation" regarding the covered license plate, but that he was "confident that Officer Fais will testify [at trial] that . . . he saw[] a covered license plate." ACMS Doc. #48 at 13.

The only basis provided by Fais for reasonable suspicion is the obstructed license plate insignia. But there exists a genuine dispute of material fact as to whether the license plate insignia was in fact obstructed. Construing the record in the light most favorable to Etere, we therefore cannot conclude as a matter of law that Fais had reasonable suspicion to believe Etere was violating a traffic law, such that the initial traffic stop was constitutional. We thus vacate the District Court's order granting summary judgment to defendants on this claim.

**B.     The 2017 Stop**

Etere also contends that there are genuine disputes of material fact as to whether the 2017 traffic stop was supported by reasonable suspicion. We disagree.

The undisputed facts establish that Sodano had reasonable suspicion to believe that Etere was violating Nassau County Ordinance 155-2014, in effect at the time of the stop, which prohibited the operation of a for-hire vehicle in Nassau County without a NCTLC license. Etere testified at his deposition that, at the time of the stop, he was idled in the parking lot of a shopping mall in Nassau County. It is undisputed that Etere's license plate bore NYCTLC insignia, and that he did not have a license to operate a for-hire vehicle in Nassau County. And Etere testified at his deposition that Sodano told him during the traffic stop, "you have a TLC license plate, and that means a license plate from New York City, and you are in a different county. And with that license plate, I suspect you are operating in Nassau County." Doc. #95 at 51:5-10.

Accordingly, the District Court did not err in concluding as a matter of law that Sodano had reasonable suspicion to believe Etere was unlawfully operating a for-hire vehicle in Nassau County, and that the initial traffic stop in 2017 was constitutional. We therefore affirm the grant of summary judgment to defendants on this claim.

II.     **Fourth Amendment Claims Based on the Cell-Phone Searches**

Etere next contends that the District Court erred in granting summary judgment to defendants on his Fourth Amendment claims arising from the warrantless searches of his cell phone to access his ride history on the Uber app. Again, we agree.

Under *Riley v. California*, "officers must generally secure a warrant before conducting" a search of "data on cell phones." 573 U.S. 373, 386 (2014); *accord United States v. Smith*, 967 F.3d 198, 208 (2d Cir. 2020). The warrant requirement to search a cell phone is not eliminated just because an initial traffic stop is supported by reasonable

suspicion.  *See Smith*, 967 F.3d at 208-09.

It is undisputed that neither Fais nor Sodano had a warrant to search Etere's cell phone.  In its oral ruling, however, the District Court made no explicit finding as to the constitutionality of the cell-phone searches; instead, its decision to grant summary judgment in defendants' favor on these claims appeared to rest on its finding that both initial traffic stops were supported by reasonable suspicion or probable cause.  That was error.  A separate analysis is required, including as to whether Etere voluntarily consented to the searches, *see United States v. O'Brien*, 926 F.3d 57, 75-76 (2d Cir. 2019),[4] whether any exception to the warrant requirement applied, and whether the searches were appropriate based on any diminished expectation of privacy for private-hire vehicles, *cf. Statharos v. New York City Taxi & Limousine Comm'n*, 198 F.3d 317, 325 (2d Cir. 1999) (finding that those who choose to "enter the heavily regulated taxi industry" have a reduced "interest in confidentiality" in certain information related to their activities).  Likewise, the District Court failed to address how qualified immunity applies, if at all, based on the regulatory scheme governing the private-hire car industry.   We accordingly vacate the District Court's order granting summary judgment to defendants on Etere's Fourth Amendment claims arising from the cell-phone searches and remand to the

---

[4] While defendants argued before the District Court that the warrantless cell-phone searches were justified under the "special needs" exception to the warrant requirement, they make no such argument on appeal.  Nor did the District Court base its ruling on that exception.  "It is well established that an argument not raised on appeal is deemed abandoned and lost." *Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir. 2004) (citation modified); *see also United States v. Litwok*, 678 F.3d 208, 216 (2d Cir. 2012) (finding that government, as appellee, forfeited argument not pursed on appeal).

District Court to perform this analysis in the first instance.

## III.    State Constitutional Claims

We turn next to Etere's claims pursuant to Article I, Section 12 of the New York State Constitution.  That section, which is the New York analog to the Fourth Amendment, guarantees "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures."  N.Y. Const. art. I, §12.  A private right of action under that section, however, is "narrow," *Brown v. State*, 89 N.Y.2d 172, 192 (1996), and is available only "where remedies are otherwise unavailable at common law or under §1983," *Allen v. Antal*, 665 F. App'x 9, 13 (2d Cir. 2016) (summary order).  Relief under Section 1983 is available to Etere and indeed he has sought such relief.  Accordingly, the District Court properly granted summary judgment to defendants on his claims under the New York State Constitution.

## IV.    Malicious Prosecution Under New York Law

Etere contends that because genuine disputes of fact exist as to whether defendants had probable cause to charge him with traffic violations in connection with both the 2016 and 2017 stops, the District Court erred in granting summary judgment to defendants on his malicious prosecution claims.  On the record as it was developed before the District Court, we agree.

"Under New York law, a malicious-prosecution claim requires a plaintiff to show (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the

10

proceeding; and (4) actual malice as a motivation for the defendant's actions." *Dettelis v. Sharbaugh*, 919 F.3d 161, 163-64 (2d Cir. 2019) (per curiam) (citation modified).[5]

With respect to the ticket based on the 2016 stop, we have concluded that disputes of fact exist as to whether Fais had reasonable suspicion to conduct that traffic stop. We likewise conclude that defendants failed to establish that the undisputed facts support a finding, as a matter of law, that there was probable cause to pursue the 2016 charge against Etere.[6] We therefore vacate the District Court's order granting summary judgment to defendants on this claim.

The current record likewise precludes summary judgment on Etere's malicious prosecution claim arising from the two tickets issued during the 2017 traffic stop. The issuance of the tickets was based on information obtained during the search of Etere's cell phone. As discussed above, this matter is being remanded to the District Court for further analysis of the permissibility of the cell phone search. The viability of a probable cause defense to Etere's malicious prosecution claim based on the 2017 tickets turns on whether the search was permissible. Accordingly, we vacate the District Court's grant of summary judgment to defendants on Etere's malicious prosecution claim arising from the 2017 tickets and remand for the District Court to engage in the necessary analysis.[7]

---

[5] Defendants do not argue that the traffic citations at issue here do not qualify as "criminal proceedings," and so we assume without deciding that they do.

[6] It is undisputed that the 2016 ticket was dismissed and therefore terminated in Etere's favor.

[7] The District Court held: "Plaintiff's malicious prosecution claims with respect to the 2017 tickets must also fail because those proceedings did not terminate in plaintiff's

11

## V.     Tortious Interference with Contract

We next conclude that the District Court erred in granting summary judgment to defendants on Etere's claim for tortious interference with contract based on Fais's termination of Etere's pending Uber trip.

"To state a claim for tortious interference with contract under New York law, a plaintiff must show that there existed a valid contract between the plaintiff and a third party, the defendant knew of the contract, and the defendant intentionally and improperly interfered therewith." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 588 (2d Cir. 2005) (per curiam) (citation omitted). "A claim for tortious interference with contract cannot rest on conduct that is incidental to some other lawful purpose." *Id.* at 589 (citation modified); *see also Conte v. Emmons*, 895 F.3d 168, 173 (2d Cir. 2018) (reversing jury verdict on tortious interference claim against law enforcement acting pursuant to law enforcement authority).

The District Court did not separately analyze this claim, except to state that it "must also be dismissed on summary judgment because the officers had probable cause to stop plaintiff's vehicle, and there can be no claim that the car was stopped to interfere with any ride that he agreed to." ACMS Doc. #48 at 26. As discussed above, we vacate the District Court's order granting summary judgment against Etere on his claims arising out of the searches of his cell phone. It is undisputed that Fais had to terminate Etere's

---

favor." ACMS Doc. #48 at 26. The parties dispute the proper treatment of the fine imposed in the 2017 case, which was held in abeyance pending resolution of Etere's federal suit. Without any analysis by the District Court, it is impossible to assess its holding. Furthermore, defendants do not seek affirmance on this alternative basis.

12

current trip in order to search Etere's ride history. But we cannot conclude as a matter of law that the termination of the trip in order to conduct the search was incidental to a lawful act, because we cannot conclude at this stage that the cell-phone search was constitutional. Accordingly, we vacate the entry of summary judgment in favor of defendants on the tortious interference with contract claim.

## VI.     Qualified Immunity

Finally, because we hold that the District Court erred in concluding as a matter of law that Fais had probable cause to conduct the initial traffic stop in 2016 and that both officers lawfully searched Etere's cell phone in 2016 and 2017, we vacate the District Court's order granting qualified immunity to defendants, which rested on its probable cause findings.

*          *          *

We have considered the parties' remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the order of the District Court granting summary judgment to defendants on (1) Etere's Fourth Amendment claim for unreasonable seizure arising out of the 2017 traffic stop, and (2) Etere's claims pursuant to Article I, Section 12 of the New York State Constitution. We **VACATE** the order of the District Court granting summary judgment to defendants on (1) Etere's Fourth Amendment claim for unreasonable seizure arising out of the 2016 traffic stop, (2) Etere's Fourth Amendment claims arising out of the warrantless searches of his cell phone during both the 2016 and 2017 traffic stops, (3) Etere's malicious prosecution

13

claims arising from the citations issued during the 2016 and 2017 traffic stops, and (4) Etere's claim for tortious interference with contract. We **REMAND** for further proceedings consistent with this Order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court