■ MARC BENNETT, Respondent, v CITY OF NEW YORK, Appellant. [612 NYS2d 201] —In an action to recover damages for, *inter alia,* false arrest and imprisonment, the defendant appeals from so much of an order of the Supreme Court, Queens County (Rutledge, J.), dated June 26, 1992, as denied that branch of its cross motion which was for summary judgment dismissing the plaintiff's first cause of action.

Ordered that the order is reversed, insofar as appealed from, on the law, with costs, the branch of the defendant's cross motion which was for summary judgment dismissing the plaintiff's first cause of action is granted and the plaintiff's first cause of action is dismissed.

The plaintiff was arrested on March 6, 1988, and was held for four months until he made bail. He was subsequently convicted of criminal possession of a controlled substance in the fourth degree and sentenced to a term of imprisonment. On April 12, 1991, after his conviction was overturned *(see, People v Bennett*, 170 AD2d 516), he served a notice of claim and commenced the instant action alleging that he was falsely arrested and imprisoned.

In an action for false arrest or false imprisonment the 90-day period within which one must serve a notice of claim *(see,* General Municipal Law § 50-e [1] [a]) commences on the day the plaintiff is released from actual custody *(see, Molyneaux v County of Nassau*, 16 NY2d 663; *Tucci v County of Nassau*, 50 AD2d 945). Since the plaintiff was released sometime in July 1988, it is clear that the notice of claim served on April 12, 1991, was served more than 90 days after the date he was released from actual custody. Accordingly, the court should have dismissed the first cause of action for false arrest and imprisonment. Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.