■ DORON AVGUSH et al., Appellants, v TOWN OF YORKTOWN, Respondent. [755 NYS2d 647] —In an action, inter alia, to recover damages for false arrest and malicious prosecution, the plaintiffs, Doron Avgush and Rachel Avgush, appeal from an order of the Supreme Court, Westchester County (Barone, J.), entered July 6, 2001, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) and CPLR 3212 to dismiss the complaint. Justice Krausman has been substituted for the late Justice O'Brien (see 22 NYCRR 670.1 [c]).

Ordered that the appeal by the plaintiff Rachel Avgush is dismissed as abandoned, without costs or disbursements (see 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was to dismiss the cause of action to recover damages for malicious prosecution pursuant to CPLR 3211 (a) (7) and substituting therefor a provision denying that branch of the motion and reinstating that cause of action insofar as it is asserted by the plaintiff Doron Avgush; as so modified, the order is affirmed insofar as appealed from by the plaintiff Doron Avgush, without costs or disbursements.

On December 15, 1997, the plaintiff Doron Avgush (hereinafter Avgush) was arrested for disorderly conduct. On February 10, 1998, he was convicted of that charge and sentenced to 10 days imprisonment. Avgush was released from custody on February 20, 1998. On October 21, 1999, his conviction was reversed by the Appellate Term for the Ninth and Tenth Judicial

Districts. The plaintiffs filed a notice of claim on January 18, 2000, and commenced this action on October 12, 2000.

General Municipal Law § 50-e (1) (a) provides that a party must serve a notice of claim within 90 days after the cause of action arose. The causes of action alleging false arrest and false imprisonment accrued from the date of Avgush's release from custody (*see Molyneaux v County of Nassau*, 16 NY2d 663 [1965]; *Bennett v City of New York*, 204 AD2d 587 [1994]). Thus, the Supreme Court properly dismissed those causes of action since the notice of claim was filed more than 90 days after Avgush was released from custody (*see Bennett v City of New York, supra*). Similarly, the causes of action alleging intentional and negligent infliction of emotional distress were properly dismissed since they also arose from the 1997 arrest and culminated in Avgush's release from custody (*see Murray v City of New York*, 283 AD2d 560, 561 [2001]).

It is well settled that on a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the pleading is to be liberally construed, accepting all the facts as alleged in the pleading to be true and according the plaintiff the benefit of every possible inference (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]). However, the cause of action alleging prima facie tort was properly dismissed since the complaint failed to allege that the sole motivation for the institution of criminal charges was disinterested malevolence (*see Curiano v Suozzi*, 63 NY2d 113, 117 [1984]; *Levy v Coates*, 286 AD2d 424 [2001]).

The Supreme Court erred in dismissing the cause of action to recover damages for malicious prosecution. To maintain a cause of action to recover such damages, a plaintiff must establish (1) that a criminal proceeding was commenced; (2) that it was terminated in favor of the accused; (3) that it lacked probable cause; and (4) that the proceeding was brought out of actual malice (*see Cantalino v Danner*, 96 NY2d 391, 394 [2001]; *Smith-Hunter v Harvey*, 95 NY2d 191, 195 [2000]). The factual allegations regarding the malicious prosecution claim were sufficient to withstand a motion to dismiss. Accordingly, we reinstate that cause of action. S. Miller, J.P., Krausman, Friedmann and Cozier, JJ., concur.