## East Liberty St. Owner LLC v 1903P Loan Agent, LLC

2024 NY Slip Op 33897(U)

October 30, 2024

Supreme Court, New York County

Docket Number: Index No. 652309/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. LYLE E. FRANK      PART        11M

*Justice*

------------------------------------------------------------------------------X

EAST LIBERTY STREET OWNER LLC,

            Plaintiff,

          - v -

1903P LOAN AGENT, LLC,1903 PARTNERS, LLC

           Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652309/2024 |
| MOTION DATE | 07/03/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25

were read on this motion to/for                DISMISS            .

Upon the foregoing documents, defendants' motion to dismiss is denied.

## Background

Plaintiff East Liberty Street Owner LLC ("East Liberty" or "Plaintiff") owned real property in Mexico, Missouri that it subleased to non-party Triad Catalog Co. LLC ("Triad"). Part of the terms of the sublease were that Triad would maintain certain property (the "Personal Property") at the premises. In 2023, East Liberty, Triad, and Defendants 1903P Loan Agent, LLC and 1903 Partners, LLC (collectively, the "1903 Parties" or "Defendants") entered into a Landlord Agreement. This agreement governed the terms of the parties' abilities to enter the premises and deal with the Personal Property. Together with this Landlord Agreement, Triad and the 1903 Parties entered into a first lien secured credit agreement giving the 1903 Parties a security interest in the Personal Property.

In September of 2023 Triad entered bankruptcy proceedings in Texas, vacating the premises and leaving the Personal Property behind. On October 4, 2023, a copy of the disclosure statement and an opt-out of third-party releases form was mailed to Triad's creditors, including a

notice stating that failure to opt-out would result in the release of all claims against the debtors and the 1903 Parties. One of these creditors was East Liberty, and the documents were mailed to 3 Park Avenue, New York (care of an entity called Box Equities). East Liberty claims to have never actually received these documents and maintain that their office address is in fact the one listed on the Landlord Agreement, at 1633 Broadway, New York. On October 11, 2023, the Bankruptcy Court entered a Stipulation between Triad and East Liberty that among other things, preserved East Liberty's rights under the Landlord Agreement. The Bankruptcy Court entered a Confirmation Order on November 3, 2023, that included releases for all claims against the 1903 Parties (the "Releases"). East Liberty filed a proof of claim in the bankruptcy proceedings on November 13, 2023, but did not include an opt-out of the Releases.

In May of 2024 East Liberty filed suit against the 1903 Parties, asserting causes of action for breach of contract and trespass, both relating to the Personal Property left behind after Triad exited the premises in Missouri. Defendants filed the present motion to dismiss pursuant to CPLR §§ 3211(a)(1) and (5) and East Liberty opposes the motion.

**Standard of Review**

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340 (2d Dept. 2003). Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 (2017).

CPLR § 3211(a)(1) allows for a complaint to be dismissed if there is a "defense founded upon documentary evidence." Dismissal is only warranted under this provision if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Leon v. Martinez,* 84 N.Y.2d 83, 88 (1994).

CPLR § 3211(a)(5) allows for a complaint to be dismissed because of a valid release. While a valid release generally "constitutes a complete bar", for a signed release the burden shifts to the plaintiff to "show that there has been fraud, duress, or some other fact which will be sufficient to void the release." *Centro Empesarial Cempresa S.A. v. América Móvil, S.A.B. de C.V.*, 17 N.Y.3d 269, 276 (2011).

## Discussion

Defendants argue that by failing to actively opt-out of the releases that were mailed on October 4th, East Liberty has released all claims against the 1903 Parties. They submit the Confirmation Order issued by the Bankruptcy court and the sworn affidavit of the managing director of a chapter 11 administrative services firm stating that the opt-out form and releases were mailed to the Box Equities address (which the 1903 Parties argue is East Liberty's registered agent) as documentary evidence in support of this claim.

In response, East Liberty argues that they have never affirmatively consented to release any claims against the 1903 Parties and that they never actually received notice of the opt-out provision. They submit a sworn affidavit from one of their members stating that East Liberty has never maintained an office at the 3 Park Avenue address and that East Liberty never received any documents relating to the releases that the 1903 Parties rely on.

The Supreme Court of the United States has recently held that the bankruptcy code does not authorize nonconsensual releases of claims against nondebtors. *Harrington v. Purdue*

*Pharma L.P.*, 219 L.Ed.2d 721, 739-40 (2024). Crucially, however, that decision specifically declined to address the issue of "what qualifies as a consensual release." *Id.*, at 739. Bankruptcy courts are fragmented on what constitutes a consensual release, particularly in the context of opt-out provisions. *See, e.g., In re SunEdison, Inc*, 576 B.R. 453, 460 (Bankr. SDNY 2017) (concluding that consensual release required affirmative consent); *In re Emerge Energy Servs. LP*, 2019 Bankr. LEXIS 3717 (Bankr. D. Del. Dec. 5, 2019, No. 19-11563)(holding that silence or inaction cannot constitute consent); *but see Cole v. Nabors Corp. Servs., Inc. (In re CJ Holding Co.)*, 2019 U.S. Dist. LEXIS 21199 (S.D. Tex. Feb. 8, 2019, No. H-18-3250)(holding that failing to opt-out validly releases claims in bankruptcy proceeding).

The issue here would be if there was a consensual release of claims against 1903 Parties by East Liberty when they failed to opt-out of the releases that were mailed to the Box Equities/Park Avenue address, when the parties dispute whether the opt-out notice was validly served on East Liberty or their agent, when there is some evidence that East Liberty specifically did not intend to release claims under the Landlord Agreement, and when both parties have submitted sworn affidavits in support. Because this is a motion to dismiss pursuant documentary evidence, the affidavits submitted showing that service was sent to the Park Avenue address must conclusively establish that the release was valid and binding, with East Liberty receiving the benefit of every favorable inference and their alleged facts taken as true. Here, that certainty required for CPLR § 3211(a)(1) is missing. It is not conclusive whether the opt-out notice was validly sent to East Liberty's agent, whether East Liberty actually received the release information, or even whether, in the wake of *Perdue*, failure to respond to an opt-out provision release constitutes a valid release of claims against a nondebtor. Therefore, dismissal at this stage would be improper. Accordingly, it is hereby

ADJUDGED that defendants' motion to dismiss is denied.

20241030162951LFRANK3FF137A3D5A14F529A05629F9E0BF29C

| 10/30/2024 | | LYLE E. FRANK, J.S.C. |
| :---: | :---: | :---: |
| **DATE** | | |

CHECK ONE:    [ ] CASE DISPOSED    [X] NON-FINAL DISPOSITION

   [ ] GRANTED    [X] DENIED    [ ] GRANTED IN PART    [ ] OTHER

APPLICATION:    [ ] SETTLE ORDER    [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:    [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE