**NYU Langone Hosps. v Attentive Homecare Agency, Inc.**

2025 NY Slip Op 30604(U)

February 21, 2025

Supreme Court, New York County

Docket Number: Index No. 650813/2023

Judge: Frank E Lyle

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: __HON. LYLE E. FRANK__ | PART 11M |
| *Justice* | |

-----------------------------------------------------------------------------X

NYU LANGONE HOSPITALS,

                                    Plaintiff,

                        - v -

ATTENTIVE HOMECARE AGENCY, INC. D/B/A ALWAYS
HOME CARE, INC.,ALLIED BENEFIT SYSTEMS, INC.

                                    Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650813/2023 |
| MOTION DATE | 11/25/2024, 12/23/2024, 12/23/2024, 12/23/2024 |
| MOTION SEQ. NO. | 003 004 004 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 71, 72, 73, 74, 75, 76, 77, 78

were read on this motion to/for                          DISMISSAL                          .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89

were read on this motion to/for                          DISMISS                          .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89

were read on this motion to/for                          DISMISS                          .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89

were read on this motion to/for                          DISMISS                          .

Upon the foregoing documents, defendants' motions to dismiss are both granted in part

and denied in part.[1]

**Background**

*Background Facts*

---

[1] There is dispute as to whether the motion by Attentive Homecare Agency, Inc. d/b/a Always Home Care, Inc. was late. The Court finds the confusion of Attentive Homecare Agency, Inc. d/b/a Always Home Care, Inc. to be reasonable. Thus, in the interests of having this motion decided on the merits and judicial economy, this Court deems the motion timely brought.

**650813/2023   NYU LANGONE HOSPITALS, vs. ALWAYS HOME CARE, INC.,**                          **Page 1 of 8**
**Motion No.  003 004 004 004**

1 of 8

[* 1]

NYU Langone Hospitals ("Plaintiff") has healthcare contracts with several participating provider organizations, including non-party Private Healthcare System, Inc ("PHS"), a subsidiary of MultiPlan, Inc. ("MultiPlan"). Under this contract (the "PHS Contract"), when Plaintiff renders healthcare services to members of PHS' clients' health plans, said clients are obligated to pay certain negotiated discount rates to Plaintiff, which Plaintiff is obligated to accept as full reimbursement. Two of PHS' clients include defendant Attentive Homecare Agency, Inc. d/b/a Always Home Care, Inc. ("Always Home Care") and defendant Allied Benefit Systems, Inc. ("Allied", collectively with Always Home Care the "Defendants"). Allied provides health care benefits to Always Home Care's plan members pursuant to the terms of Always Home Care's health plan (the "Plan").

In May of 2021, a member of Always Home Care's health plan, V.G., received care from Plaintiff to correct a heart defect. The services rendered were all covered under Always Home Care's health plan, and Plaintiff was told by Allied that the services to be rendered to V.G. were PHS in-network benefits. After V.G. received the care, Plaintiff submitted a claim for $185,776.67 to Allied for payment. A dispute followed over the rate for the services rendered to V.G., in which Allied told Plaintiff that under their plan there was a benefits limitation once total charges reach $2,500.

Plaintiff alleges that Medical Audit & Review Solutions, Inc. ("MARS") contacted them in order to resolve the matter on behalf of Defendants. In March of 2022, Plaintiff and Allied entered into a contract (the "Letter Agreement") whereby Plaintiff agreed to accept a reduced amount of $130,043.66. Plaintiff alleges that the Letter Agreement was issued by MARS, on behalf of Defendants. Plaintiff also alleges that Allied signed the Letter Agreement as an agent of

650813/2023   NYU LANGONE HOSPITALS, vs. ALWAYS HOME CARE, INC.,
Motion No.  003 004 004 004

Page 2 of 8

2 of 8

Always Home Care. They have not been paid any additional sum due pursuant to the Letter Agreement.

## *Procedural History*

Plaintiff filed suit in February of 2023, alleging breach of contract against Always Home Care, who responded by moving to dismiss the complaint on the grounds that the pleadings failed to state a claim. This motion was denied, and Always Home Care filed an answer. Then Plaintiff filed a motion to amend the complaint in order to add Allied as a defendant and to assert additional causes of action against Always Home Care. Always Home Care cross-moved to dismiss the complaint on the grounds that there was no contract between the parties that could give rise to a breach of contract claim. The motion to amend was granted and the cross-motion was denied, with that order explaining that the law of the case was that the pleadings adequately stated both a written and quasi-contractual relationship between the parties. Always Home Care now brings the present motion to dismiss based on documentary evidence. Allied also moves to dismiss the amended complaint for similar reasons.

## **Standard of Review**

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340 (2d Dept. 2003). Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 (2017).

**650813/2023   NYU LANGONE HOSPITALS, vs. ALWAYS HOME CARE, INC.,**                    **Page 3 of 8**
**Motion No.  003 004 004 004**

3 of 8

A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 (1977).

## **Discussion**

Defendants are moving to dismiss the amended complaint on several grounds. For the reasons that follow, the first and fourth causes of action remain, and the rest are dismissed as preempted by ERISA.

### *ERISA Preempts Claims Based on the Letter Agreement*

Because the Plan is an employee benefits plan, Defendants argue that Plaintiff's claims are preempted by the terms of the Employment Retirement Income Security Act of 1974 ("ERISA"). Plaintiff argues that because it is only the various alleged contracts and quasi-contractual agreements that need to be interpreted by the Court, ERISA preemption does not apply here. ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C.S. § 1144(a). The Court of Appeals has held that a claim is not preempted by ERISA when, among other things, the claim did not involve "the extent of rights and benefits under such a plan." *Nealy v. US Healthcare HMO*, 93 N.Y.2d 209, 220 (1999). A claim is also not preempted "where the basic right to payment has already been established and the remaining dispute only involves obligations derived from a source other than the Plan." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 331 (2nd Cir. April 21, 2011). Plaintiff argues that because of the Letter Agreement, these claims only involve

**650813/2023   NYU LANGONE HOSPITALS, vs. ALWAYS HOME CARE, INC.,**
**Motion No.  003 004 004 004**

**Page 4 of 8**

4 of 8

obligations derived from a non-ERISA Plan source. But the express terms of the Letter Agreement state clearly that any payment made pursuant to the agreement is "subject to the terms and conditions of the Patient's plan." Therefore, the relevant ERISA plan is clearly a source of obligations under the Letter Agreement.

In *Jeffrey Farkas*, the Southern District Court of New York examined claims related to an identical provision, also written by MARS, as is found in the Letter Agreement. *Jeffrey Farkas M.D., LLC v. Grp. Health, Inc.*, 2019 U.S. Dist. LEXIS 17756, *5. Relevant language, found both in the *Farkas* agreement and the Letter Agreement here, states that "the payment of benefits, if any, is subject to the terms and conditions of the Patient's plan." *Id.* The *Farkas* court reasoned that this language would "require the Court to parse the language of the underlying GHI Plan, which is all that is needed to establish that the action 'relates to' the ERISA Plan." *Id.*, at * 10. Here, any of the Plaintiff's claims relating to obligations under the Letter Agreement would, by necessity, involve interpreting and applying the terms of the Letter Agreement. Because this would then expressly require application of the terms and conditions of an ERISA plan, and determining the extent of benefits under the plan, these claims necessarily relate to an ERISA plan and are therefore preempted. *See also Rowe v. UnitedHealthcare Serv., LLC* 2024 U.S. Dist. LEXIS 170425, *10 (E.D.N.Y. Sept. 20, 2024). Dismissal of the second, third, and fifth causes of action is proper for this reason.

### *ERISA Preempts the Sixth but Not First and Fourth Causes of Action*

The issue then becomes whether ERISA preempts Plaintiff's other claims. The first and fourth causes of action relate to claims based on the PHS Contract. The sixth is not clearly identified but appears to be a fraudulent inducement claim. It alleges that Defendants intentionally omitted mention of the limitation on benefits contained in their plan when telling

**650813/2023   NYU LANGONE HOSPITALS, vs. ALWAYS HOME CARE, INC.,**
**Motion No.  003 004 004 004**

**Page 5 of 8**

Plaintiff that the services to be rendered were in-network and that the patient was only liable for a deductible and co-insurance. Because this claim necessarily involves an interpretation of the extent of VG's benefits under the plan, in order to determine whether the statements made were misleading, this claim is also preempted by ERISA for the reasons given above.

The first and fourth causes of action, however, allege that there are contractual relationships between Defendants and PHS that would require Defendants to reimburse Plaintiff at the negotiated rates in the PHS Contract. Under the ERISA preemption test, "a claim is completely preempted only if there is no other independent legal duty that is implicated by [the] defendant's actions" and it is not preempted if "some other, completely independent duty forms another basis for legal action." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2nd Cir. April 21, 2011)(emphasis in original). According to Plaintiff's allegations, the Defendants' obligations for these causes of action come from a series of contractual obligations between Plaintiff, PHS, and the Defendants. This would be independent of obligations under the relevant ERISA plan, and therefore are not preempted by that statute.

### *The Breach of Contract Claim*

Plaintiff's breach of contract claim in the first cause of action alleges that by failing to pay the negotiated rates due under the PHS Contract, Defendants breached an express or implied in fact contract. They argue that without such obligations in the Defendants' contracts with PHS (which Plaintiff does not currently have access to), the PPO model of healthcare would not be able to function. Defendants seek to dismiss this claim on the grounds that there is no contractual privity between the parties. On a motion to dismiss, the Plaintiff's factual allegations must be taken as true, and they must be given every favorable inference. Plaintiff has sufficiently pled enough facts that, given every favorable inference, the PHS clients such as Defendants (both of

**650813/2023   NYU LANGONE HOSPITALS, vs. ALWAYS HOME CARE, INC.,**
**Motion No.  003 004 004 004**

**Page 6 of 8**

6 of 8

whom are alleged to have a contractual relationship with PHS) would have contractual obligations to pay the PHS rates and therefore the first cause of action stands. Furthermore, that a contractual relationship was sufficiently pled is law of the case.

### *The Promissory Estoppel Claim Is Sufficient*

In addition to the breach of contract claim, Plaintiff also pleads a claim for promissory estoppel in the fourth cause of action. They allege that by telling Plaintiff that the services to be provided to V.G. were in-network benefits under the PHS network, they were promising to pay the PHS contract rate. Defendants move to dismiss this claim by arguing that it fails to allege required elements. A promissory estoppel claim requires "(i) a sufficiently clear and unambiguous promise; (ii) reasonable reliance on the promise; and (iii) injury caused by the reliance." *Castellotti v. Free*, 138 A.D.3d 198, 204 (1st Dept. 2016). The allegations that by stating that the services were in-network for PHS meant a promise to pay the rates required by the PHS contract is sufficiently clear and unambiguous to survive a motion to dismiss. Defendants also argue that the Letter Agreement supersedes this claim. But this argument fails because Defendants also contend that the Letter Agreement is non-binding, and a rejected settlement offer. If that was the case, then the Letter Agreement would not supersede the claim for promissory estoppel. With the benefit of every favorable inference, Plaintiff has sufficiently pled a claim for promissory estoppel. Accordingly, it is hereby

ORDERED that the second, third, fifth, and sixth causes of action are dismissed; and it is further

ADJUDGED that the defendants' motions to dismiss are denied as to the first and fourth causes of action.

**650813/2023   NYU LANGONE HOSPITALS, vs. ALWAYS HOME CARE, INC.,**
**Motion No.  003 004 004 004**

**Page 7 of 8**

7 of 8

20250221111907LFRANK16F3E7998BB042D2BBDB10F8B060976B

**2/21/2025**

**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | | DENIED | **X** | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

650813/2023   NYU LANGONE HOSPITALS, vs. ALWAYS HOME CARE, INC.,                    Page 8 of 8
Motion No.  003 004 004 004

8 of 8

[* 8]