**Cohen v 57 Ann St. Realty Assoc., Inc.**

2025 NY Slip Op 30801(U)

March 11, 2025

Supreme Court, New York County

Docket Number: Index No. 160948/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. LYLE E. FRANK

*Justice*

PART     11M

-------------------------------------------------------------------------X

ADAM COHEN, KEITH COPLEY, ALEX LEMONS, LILY RHODEHAMEL, HARLEY ROGERS, JUSTIN STARER, TY WOODFOLK, CHRISTINE IU, CHARLES LAGE, PATRICK CASSIDY, ERIK BONNABEAU, S 3A FOOD SUPPLIERS, INC.

Plaintiff,

- v -

57 ANN STREET REALTY ASSOCIATES, INC.,ALAN HENICK, JEFFREY HENICK, LITTLE MAN PARKING LLC,ENTERPRISE ANN PARKING LLC,

Defendant.

-------------------------------------------------------------------------X

INDEX NO.          160948/2023

MOTION DATE        02/26/2024

MOTION SEQ. NO.        002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41

were read on this motion to/for          DISMISSAL          .

This action arises out of alleged injuries sustained by plaintiffs as a result of the garage collapse that occurred at 57 Ann Street New York, New York, on April 18, 2023. Defendants Alan Henick and Jeffrey Henick move pursuant to CPLR § 3211(a)(1) and (7) dismissing the complaint as against them with prejudice. Plaintiff opposes the instant motion. For the reasons set forth below, defendants' motion is granted in part.

## *Legal Standard*

It is well-settled that on a motion to dismiss for failure to state a cause of action pursuant to CPLR § 3211(a)(7), the pleading is to be liberally construed, accepting all the facts as alleged in the pleading to be true and giving the plaintiff the benefit of every possible inference. *See Avgush v Town of Yorktown*, 303 AD2d 340 [2d Dept 2003]; *Bernberg v Health Mgmt. Sys.*, 303 AD.2d 348 [2d Dept 2003]. Moreover, the Court must determine whether a cognizable cause of

action can be discerned from the complaint rather than properly stated. *Matlin Patterson ATA Holdings LLC v Fed. Express Corp.*, 87 AD3d 836, 839 [1st Dept 2011]. "The complaint must contain allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory.'" *Id.*

Pursuant to CPLR § 3211(a)(1) documentary evidence provides a basis for dismissing a cause of action "where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law." *Goshen v Mutual Life Ins. Co. of NY*, 98 NY2d 314, 326 [2002].

### *Discussion*

The complaint asserts five causes of actions against all defendants, specifically negligence recklessness, gross negligence, and emotional distress premised on negligence and recklessness. The complaint alleges that defendants owned, operated and maintained the garage.

In support of their motion defendants submit the deed as documentary proof to establish that the individual defendants do not own the subject garage, rather it is owned by defendant 57 Ann Street Realty Associates, Inc. Moreover, defendants rely on the answer filed by defendant 57 Ann that identifies the individual defendant as officers of the 57 Ann.

In opposition to the instant motion, plaintiffs contend that the potential of criminal charges and a criminal investigation being conducted by the New York County District Attorney's Office, and potential discovery could lead to a determination that the individual defendants may be liable in the instant action. The opposition is otherwise silent as to the individual defendants' prima facie establishing a lack of ownership, thus a lack of duty.

The concept of "piercing the corporate veil" is a limitation on accepted principles that corporation exists independently of its owners as a separate legal entity, that owners are normally

[* 2]

not liable for debts of corporation, and that it is perfectly legal to incorporate for the express purpose of limiting liability of corporate owners. *Morris v New York State Dep't of Tax'n & Fin.*, 82 NY2d 135 [1993]. Although there are no definitive rules governing circumstances when corporate veil may be pierced, there is generally required showing that: (1) owners exercised complete domination of corporation in respect to transaction attacked; and (2) such domination was used to commit fraud or wrong against plaintiff which resulted in plaintiff's injury. *Id*. Further, it has been held by the Court of Appeals that, at the pleading stage, a plaintiff seeking to pierce the corporate veil must adequately allege the existence of a corporate obligation and that the defendant exercised complete domination and control over the corporation and abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice. *Cortlandt St. Recovery Corp. v Bonderman*, 31 NY3d 30 [2018].

Here, a thorough review of the complaint establishes that the complaint fails to state a cause of action as against defendants Alan Henick and Jeffrey Henick. The complaint fails to allege any factual allegations regarding the individual defendants' misuse of the corporate form for their own benefit. However, at this juncture the Court declines to dismiss the action with prejudice, as there has been no discovery in this matter and plaintiffs should not be barred from making a future application if one is necessary and appropriate, especially where the matter is continuing to be investigated by governmental authorities. It is therefore

ORDERED that the motion of defendants Alan Henick and Jeffrey Henick to dismiss the complaint herein is granted and the complaint is dismissed in its entirety as against said defendants without prejudice; and it is further

ORDERED that the action is severed and continued against the remaining defendants; and it is further

[* 3]

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

20250311170334LFRANK1F09A70386CC4D9F8295B71ACE3CA3DD

| __3/11/2025__ | | | | __LYLE E. FRANK, J.S.C.__ | |
|---|---|---|---|---|---|
| **DATE** | | | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |