**Board of Mgrs. of the Philip House Condominium v 141 E. 88th St., LLC**

2025 NY Slip Op 32070(U)

June 11, 2025

Supreme Court, New York County

Docket Number: Index No. 153289/2019

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. LYLE E. FRANK</u>

*Justice*

PART      11M

---------------------------------------------------------------------------X

THE BOARD OF MANAGERS OF THE PHILIP HOUSE
CONDOMINIUM, ON BEHALF OF ITS INDIVIDUAL UNIT
OWNERS,

         Plaintiff,

- v -

141 EAST 88TH STREET, LLC,THE CHESHIRE GROUP,
L.L.C., SUSAN HEWITT, JENNIFER STEIG, JOHN DOES,
JOHN DOE CORPORATIONS,

         Defendant.

---------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153289/2019 |
| MOTION DATE | 01/09/2025 |
| MOTION SEQ. NO. | 013 |

**DECISION + ORDER ON MOTION**

141 EAST 88TH STREET, LLC, THE CHESHIRE GROUP,
L.L.C., SUSAN HEWITT, JENNIFER STEIG

         Plaintiff,

-against-

TEKTON BUILDERS, LLC, EDWARDS & ZUCK, P.C., ARCT
ARCHITECTURE, P.C., STERLING PROJECT
DEVELOPMENT GROUP, LLC, METAL AND GLASS
SOLUTIONS

         Defendant.

---------------------------------------------------------------------------X

Third-Party
Index No. 595567/2020

141 EAST 88TH STREET, LLC, THE CHESHIRE GROUP,
L.L.C.

         Plaintiff,

-against-

RETCON MECHANICAL CORP., CENTRIA, GALAXY METAL
PRODUCTS, SUPER STUD BUILDING PRODUCTS, INC.,
TRI-STATE FIREPROOFING INC., DOMANI INSPECTION
SERVICES, INC., GALICIA CONTRACTING & RESTORATION
CORP., LUKE LICALZI P.E., P.C., FIRST SERVICE
RESIDENTIAL, RICHTER & RATNER CONTRACTING
CORP., FORT-CICA ROOFING SHEETMETAL
WATERPROOFING, COD MECHANICAL CORP., SUPERIOR
CONCRETE & MASONRY CORP., ROBERT SILMAN

Second Third-Party
Index No. 595220/2022

ASSOCIATES

Defendant.

----------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 013) 564, 565, 566, 567, 568, 577, 601, 602, 620, 621, 622, 623, 624, 625, 626, 627, 628, 629, 630, 631, 634

were read on this motion to/for                                    DISMISSAL                                    .

Upon the foregoing documents, the Third-Party Defendant's motion to dismiss is granted in part and denied in part.[1]

This action arises out of alleged breach of contract and violations of the Debt and Creditor Law pursuant to an offering plan and contract between the parties. Second Third-Party Defendant First Service Residential ("FSR") brings this motion to dismiss the Second Third-Party Complaint filed by Second Third-Party Plaintiffs 141 East 88th Street, LLC and The Cheshire Group, LLC. The Second Third-Party Complaint asserts claims for breach of contract, contractual indemnification, breach of contractual obligation to procure liability insurance, contribution, common law indemnification, and negligence related to a conversion of the building located at 141 East 88th Street, New York, NY.

FSR brings its motion to dismiss pursuant to CPLR § 3211(a)(1) and (7). It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." Avgush v. Town of Yorktown, 303 A.D.2d 340, 755 N.Y.S.2d 647 [2d Dept. 2003]. Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." Connaughton v. Chipotle Mexican Grill, Inc, 29 N.Y.3d 137, 142, 53 N.Y.S.3d 598, 75 N.E.3d 1159 [2017].

---

[1] The Court would like to thank Jason Lowe, Esq., Special Master to the Court, for his assistance in this matter.

**153289/2019   BOARD OF MANAGERS OF THE vs. 141 EAST 88TH STREET, LLC**
 **Motion No.  013**

**Page 2 of 4**

CPLR § 3211(a)(1) allows for a complaint to be dismissed if there is a "defense founded upon documentary evidence." Dismissal is only warranted under this provision if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." Leon v. Martinez, 84 N.Y.2d 83, 88, 638 N.E.2d 511, 614 N.Y.S.2d 972 [1994].

FSR's motion is based on a contract and amendment. FSR argues that it was only contracted to act as the managing agent for the building and that FSR's duties in connection to the conversion project include only "seeing that the work is done with as little interference or interruption to Building services or otherwise (including with respect to tenants) as possible, and for seeing that all other reasonable precautions are taken to preserve and protect the Building and property of the residents." However, this is not true. This argument ignores the language of the agreement which also requires FSR to "see[] that all reasonable precautions are taken to preserve and protect the Building and the property of the Residents." Therefore, the documentary evidence does not conclusively establish a defense as a matter of law as to the first cause of action (breach of contract), fourth (contribution), and fifth (common law indemnification) causes of action.

However, the second cause of action seeks recovery for contractual indemnification and the third cause of action seeks recovery for the breach of a contractual duty to procure insurance. Third-Party Plaintiffs fail to cite any contractual provision which supports either of those causes of action.

The sixth cause of action sounds in negligence. FSR argues that this cause of action is duplicative of the first cause of action for breach of contract. Third-Party Plaintiffs fail to explain how this cause of action is not duplicative. Accordingly, it is hereby

ORDERED and ADJUDGED that Third-Party Defendant First Service Residential's motion to dismiss the Second-Third Party Complaint is granted with regards to the second, third, and sixth causes of action asserted against First Service Residential is granted and those causes of action are hereby dismissed; and it is further

ADJUDGED that Third-Party Defendant First Service Residential's motion to dismiss is otherwise denied.

20250611170206LFRANK9821E7CE45854C63BEA43623772319DC

| **6/11/2025** | **LYLE E. FRANK, J.S.C.** |
| **DATE** | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 4]