**Supreme Co. I LLC v New York State Div. of Hous. & Community Renewal**

2026 NY Slip Op 30797(U)

March 5, 2026

Supreme Court, New York County

Docket Number: Index No. 159247/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYLE E. FRANK**                        PART            **11M**

*Justice*

------------------------------------------------------------------------------X

SUPREME COMPANY I LLC,

|  |  |
|---|---|
| INDEX NO. | 159247/2024 |
| MOTION DATE | 03/03/2025 |
| MOTION SEQ. NO. | 001 |

Plaintiff,

- v -

NEW YORK STATE DIVISION OF HOUSING AND
COMMUNITY RENEWAL, SYED AFTAB

**DECISION + ORDER ON
MOTION**

Defendant.

------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 35, 36, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49

were read on this motion to/for                     DISMISS                     .

Upon the foregoing documents, the motion to dismiss is granted.

## Background

Plaintiff is the owner of an apartment building located on West 13th Street. Syed Aftab ("Tenant") is the occupant of apartment 5C pursuant to a rent stabilized lease dated June 11, 2019, which was renewed in March of 2024. The rent stabilized law is administered by the New York Division of Housing and Community Renewal ("DHCR"). Prior to June 14 of 2019, landlords were able to increase the rent of a rent stabilized apartment by the amount of 1/60th of the total cost of individual apartment improvement ("IAI") work in a building with more than 35 apartments. This was the date that the Housing Stability Protection Act ("HSTPA") became effective, which eliminated certain increase rights available to landlords. The lease between Plaintiff and Tenant was executed on June 11, 2019, which is the same date that Tenant gave the first check to Plaintiff. This check was deposited on June 13, and the lease took effect on June 14, the same day as HSTPA.

[* 1]

Then in December of 2023, the Tenant Protection Unit ("TPU") within DHCR commenced an audit related to the IAIs performed on the apartment in question. In June of 2024, TPU issued an audit decision determining that HSTPA applied to the lease in question. Plaintiff was directed to refund the tenant excess rent in addition to other corrective actions as a proposed settlement of the matter. Once TPU sends a determination letter to a landlord, if they do not comply with the stated corrective actions then TPU retains the discretion to refer the matter to the Office of Rent Administration ("ORA") for a rent overcharge proceeding. If such a proceeding is ultimately determined against a landlord, if there is a finding of willfulness then treble damages are assessed. By operation of statute and ORA regulation, a failure to comply with the TPU determination's proposed settlement terms creates a presumption of willfulness at the ORA hearing, which can be rebutted if the landlord shows by preponderance of the evidence that the overcharge was not willful.

Plaintiff elected to follow the proposed settlement laid out in the TPU letter and gave Tenant $119,123.66 as an overcharge refund. Then in July, Plaintiff sent a letter to TPU announcing their intention to commence a declaratory relief action against DHCR based on this decision. Shortly thereafter, this proceeding commenced, with Plaintiff seeking among other relief a declaration that HSTPA does not apply to the apartment in question. On February 19, 2025, TPU referred the matter to ORA for a de novo review and a final determination on the overcharge. ORA then terminated the proceeding on the grounds that Plaintiff had already settled the matter when it paid an overcharge refund to Tenant. Plaintiff has now filed an appeal of that decision (a "PAR") within DHCR.

**Standard of Review**

**159247/2024   SUPREME COMPANY I LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL ET AL**
**Motion No.  001**

**Page 2 of 7**

2 of 7

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340, 341 [2d Dept. 2003]. Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 [2017].

CPLR § 3211(a)(2) allows for a cause of action to be dismissed on the grounds that the court lacks subject matter jurisdiction. A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 [1977].

**Discussion**

DHCR moves to dismiss this action on the grounds that Plaintiff failed to exhaust their administrative remedies, as the TPU audit it challenges is a non-final determination as opposed to the DHCR overcharge proceeding. They also argue that this action is moot as DHCR has yet to issue a final overcharge determination. Plaintiff opposes the motion. For the reasons that follow, the motion is granted.

*It Would Violate Public Policy to Claw Back the Rent Overcharge Payment*

There are two independent reasons why this action should be dismissed as moot and/or premature. The first concerns the decision Plaintiff made to comply with the proposed settlement

**159247/2024   SUPREME COMPANY I LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL ET AL**
**Motion No.  001**

**Page 3 of 7**

3 of 7

terms contained in the TPU audit determination letter. In paying a refund to Tenant and then seeking to challenge an as-yet-unmade DHCR determination (and in the process, is also apparently seeking a refund of the monies paid to Tenant), Plaintiff is (as the expression goes) attempting to have its cake and eat it too. It would violate strong public policy to encourage parties to appear to settle a matter of potential liability, then attempt to reverse the settlement and claw back funds should they ultimately be successful in litigation. It also would violate public policy and the interests of justice to allow landlords to issue alleged overcharge refunds to tenants and then years later be able to claw back said funds if they ultimately succeed on a rent stabilization status challenge.

Plaintiff did not have to accept the proposed TPU settlement terms and did not have to issue an overcharge refund to Tenant at that time, but they did. That does not create an injury that this Court is equipped to remedy. Plaintiff's remedy for a situation where they disagree with a TPU determination is to marshal their evidence and arguments and establish their case at an OAR overcharge hearing. To the extent that Plaintiff argues that they only refunded the alleged overcharge and settled the matter with Tenant in order to avoid having to go to the effort of rebutting a presumption of willfulness, this argument fails to overcome the strong public policy of respecting settlements. Nor are the TPU settlement terms a binding requirement for landlords. The Second Department addressed this issue in *Portofino* and explained that "the TPU lacks the authority to make any determination with respect to an overcharge […] TPU audits also do not result in the loss of the safe harbor protection from treble damages." *Portofino Realty Corp. v. New York State Div. of Hous. & Community Renewal*, 193 A.D.3d 773, 777 [2nd Dept. 2021].

*Regardless of Settlement, the Matter is Not Ripe*

**159247/2024   SUPREME COMPANY I LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL ET AL**
**Motion No.  001**

**Page 4 of 7**

4 of 7

There is another independent reason why dismissal of this action is proper. Plaintiff's complaint makes a variety of challenges to DHCR's determination that the lease in question falls under the ambit of HSTP. The problem with this argument is that DHCR has not yet in fact made such a determination. They declined to pursue an overcharge proceeding in this matter, thus mooting any potential injury that Plaintiff alleges to have suffered. That decision is on appeal through a PAR, and therefore this matter is not yet ripe.

To the extent that Plaintiff argues that the settlement was only entered into because a finding of willfulness at a DHCR overcharge proceeding would have been a *fait accompli*, this argument fails in two respects. First, the imposition of treble damages is in no respect a foregone conclusion. As the court in *Portofino* noted, even after a TPU determination "[o]wners can, in any event, avoid treble damages in such overcharge proceedings by proving that their overcharge was not willful." *Portofino*, at 777. Secondly, the conclusion that DHCR would have agreed with TPU's findings and conclusions in an overcharge proceeding is strictly speculative. As the Court of Appeals has noted, fundamental principles of jurisprudence require a court to refrain from deciding hypothetical questions. *See, e.g., Hearst Corp. v. Clyne*, 50 N.Y.2d 707, 713 [1980]. DHCR has made no determination as to an overcharge, therefore any challenge to their methodology in arriving at such a hypothetical determination for the unit in question is not ripe.

Finally, Plaintiff argues that because they make constitutional challenges to DHCR policy, they do not need to exhaust administrative remedies in this matter. While this is generally true, there are several problems with this argument. First, the Court of Appeals has held that a "constitutional claim that may require the resolution of factual issues reviewable at the administrative level should initially be addressed to the administrative agency having responsibility so that the necessary factual record can be established." *Schulz v. State*, 86 N.Y.2d

159247/2024   SUPREME COMPANY I LLC vs. NEW YORK STATE DIVISION OF HOUSING AND          Page 5 of 7
COMMUNITY RENEWAL ET AL
Motion No.  001

5 of 7

225, 232 [1995]. Here, there are factual issues regarding the IAIs and lease that have not been determined by DHCR. Secondly, a constitutional challenge cannot be made here to a future, hypothetical DHCR rent stabilization determination. It is mere speculation that DHCR would apply HSTPA to the unit in question, and such speculation cannot give this Court jurisdiction over this matter.

Nor is the TPU audit determination available for constitutional review. The appellate courts have held that, in the words of the First Department, "the TPU process was not a quasi-judicial determination." *Tribbs v. 326-338 E. 100th LLC*, 215 A.D.3d 480, 482 [1st Dept. 2023]; *see also Portofino*, at 777 (noting that "the TPU lacks the authority to make any determination with respect to an overcharge. It instead conducts an audit, which is a pre-adjudicative investigation [….] the due process protections normally available in overcharge proceedings are also available in those commenced by the TPU.").

Ultimately, the Court is not without sympathy for Plaintiff, and it sees no reason to believe that Plaintiff was not attempting to act in accordance with the rent stabilization regulations it believed to be applicable. The Court also is sympathetic with Plaintiff's desire to avoid the burden of establishing a lack of willfulness in order to avoid the steep penalty of treble damages. But here, Plaintiff voluntarily followed the settlement terms proposed by TPU and then attempted to challenge a DHCR determination about rent overcharge that has not been made and now seeks to claw back the funds given to the Tenant. Regardless of the Courts sympathy with Plaintiff or its opinion on the wisdom of treble damages, it does not have the jurisdiction to hear Plaintiff's challenge to a potential DHCR determination as to the rent stabilization status of the apartment in question. It cannot issue a declaration that DHCR's retroactive application of

159247/2024   SUPREME COMPANY I LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL ET AL
Motion No.  001

Page 6 of 7

6 of 7

HTSPA to apartment 5C, because no such determination has been made. Accordingly, it is hereby

ADJUDGED that the motion is granted and the complaint is dismissed without prejudice as not yet ripe.

20260305151133LFRANK7D910?1C5B954157BFA2D0A486FC4045

__3/5/2026__
__DATE__

__LYLE E. FRANK, J.S.C.__

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**159247/2024   SUPREME COMPANY I LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL ET AL**
**Motion No.  001**

Page 7 of 7