| ALPI U.S.A., Inc. v Cool Living OY |
|:---:|
| 2026 NY Slip Op 30910(U) |
| March 13, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 655504/2025 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: __HON. LYLE E. FRANK__
*Justice*

PART      11M

-----------------------------------------------------------------------------------X

ALPI U.S.A., INC.,ALPI LOGISTICS INC.,

Plaintiff,

- v -

COOL LIVING OY, COOL LIVING LLC,JULIANNA FARKAS, TONY HOPKINS

Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655504/2025 |
| MOTION DATE | 12/22/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29

were read on this motion to/for                DISMISS                .

Upon the foregoing documents, the motion is denied.

**Background**

This motion arises out of a dispute over international furniture freight shipping and storage services. Plaintiffs are freight forwarding companies who are in the business of arranging for the transportation of furniture. Cool Living OY ("Cool Living Finland") is a home décor manufacturer and is affiliated with Cool Living LLC ("Cool Living US"). In April of 2024, Plaintiffs were contacted by individual defendants Julianna Farkas and Tony Hopkins, acting as owner/operators of the Cool Living entities, about freight forwarding services from Finland to the United States. In what Plaintiffs characterize as a condition precedent to their services, Defendants were required to execute a credit application that included personal guaranties by the Individual Defendants. Ultimately, no credit from a third-party insurer was extended as a result of the credit application.

Despite the lack of third-party insurance, Plaintiffs continued to offer freight forwarding services to the Business Defendants, sending invoices to both entities. Some of these invoices were paid, and others to date have not been paid. As a result, Plaintiffs brought this present proceeding against all Defendants, pleading claims sounding in breach of contract and unjust enrichment. Cool Living US has answered, pleading several counterclaims. Cool Living Finland and Tony Hopkins (the "Moving Defendants") have brought the present motion to dismiss, which is opposed by Plaintiffs.

**Discussion**

The Moving Defendants are seeking to dismiss the complaint as against them on the grounds that the Court lacks jurisdiction. Plaintiffs oppose the motion, arguing that the Moving Defendants expressly consented to personal jurisdiction in New York through :1) the execution of a power of attorney by Cool Living Finland; 2) the Moving Defendants' execution of the credit agreement and guaranty; 3) the receipt of certain onboarding emails directing the recipients to Plaintiffs' terms and conditions; 4) the payment of invoices that likewise contained links to Plaintiffs' terms and conditions. Plaintiffs also argue that the Moving Defendants purposefully availed themselves of the privilege of conducting activities in New York for purposes of the long-arm statute. For the reasons that follow, the motion is denied as the Moving Defendants consented to jurisdiction through the credit agreement and the personal guaranty.

*Standard of Review*

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340, 341 [2d Dept. 2003]. Dismissal of the complaint is warranted "if the plaintiff

**655504/2025   ALPI U.S.A., INC. ET AL vs. COOL LIVING OY ET AL**                    **Page 2 of 4**
**Motion No.  001**

2 of 4

fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 [2017]. CPLR § 3211(a)(8) allows a party to move to dismiss claims asserted against them on the grounds that the court lacks jurisdiction over the party. When such a motion is brought, the plaintiff then "has the burden of presenting sufficient evidence, through affidavits and relevant documents, to demonstrate that jurisdiction over the defendants is warranted." *Bangladesh Bank v. Rizal Commercial Banking Corp.*, 226 A.D.3d 60, 74 [1st Dept. 2024].

<u>*The Credit Application and Guaranty Created Personal Jurisdiction*</u>

One initial issue is whether the Moving Defendants expressly consented to personal jurisdiction through the credit agreement and the accompanying personal guaranty. While both documents contain an express forum selection clause, the parties dispute the applicability of the credit agreement in this matter. According to sworn affidavits from Plaintiffs' director of logistics, when they receive a credit application, they determine whether they will seek credit insurance from a third-party insurer or extend trade credit directly. It is not disputed that Plaintiffs never obtained third-party credit insurance from the credit agreement, but while the Moving Defendants argue that at that point the credit agreement was extinguished, Plaintiffs contend that they decided to directly extend trade credit pursuant to the credit agreement.

The Moving Defendants do not point to, nor is the Court aware of, any specific language in the credit agreement that conditions the agreement upon extension of credit from a third-party insurer. The credit agreement instead refers several times to "credit with [Plaintiffs]." It goes on to state that "should this application be accepted by [Plaintiff], the payment terms in consideration of credit extended by [Plaintiff], and payment thereof will be made by Applicant

**655504/2025   ALPI U.S.A., INC. ET AL vs. COOL LIVING OY ET AL**                    **Page 3 of 4**
   **Motion No.  001**

[* 3]

3 of 4

pursuant to [Plaintiff's] invoice terms." Plaintiff's position is that despite being denied credit from a third-party insurer, they decided to open an account under the credit agreement and directly extend credit to the defendants.

The Moving Defendants argue that there was no credit extended under this agreement directly from Plaintiffs. But it appears undisputed that a) Plaintiffs rendered services to the Defendants, and b) that, as the Moving Defendants themselves point out, the invoices allegedly related to these services that form the basis of this proceeding were sent "months" after the services were rendered. This is consistent with the sworn affidavit of Plaintiffs' agent stating that an account was opened for the Moving Defendants and credit directly extended to them following the executed credit agreement and accompanying guaranty. Plaintiff therefore has sufficiently established that jurisdiction over the Moving Defendants is warranted. *See, e.g., Brooke Group v. JCH Syndicate 488*, 87 N.Y.2d 530, 534 [1996] (holding that forum selection clauses are "enforceable unless shown by the resisting party to be unreasonable"). Accordingly, it is hereby

ADJUDGED that the motion is denied.

20260313153339LFRANK1686376720E7425F824421E342C6A600

| __3/13/2026__ | | | LYLE E. FRANK, J.S.C. | |
| DATE | | | | |

CHECK ONE:    [ ] CASE DISPOSED    [X] NON-FINAL DISPOSITION

                    [ ] GRANTED   [X] DENIED    [ ] GRANTED IN PART    [ ] OTHER

APPLICATION:    [ ] SETTLE ORDER    [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:    [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE

**655504/2025   ALPI U.S.A., INC. ET AL vs. COOL LIVING OY ET AL**
**Motion No.  001**

**Page 4 of 4**

[* 4]

4 of 4